UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF THE STATE OF WASHINGTON

VALERIE NORWOOD, an individual,

Plaintiff,

v.

GRAYS HARBOR COMMUNITY
HOSPITAL, a Washington nonprofit
corporation,

Defendant.

**CASE NO.  3:21-cv-5135**

**COMPLAINT FOR DAMAGES**

**JURY DEMAND**

## I.    PARTIES, JURISDICTION AND VENUE

1.1     Plaintiff, Valerie Norwood ("Ms. Norwood"), is an individual residing in Mason

County, Washington.

COMPLAINT – Page 1
Case No.:  3:21-cv-5135

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

1.2    Defendant Grays Harbor Community Hospital ("GHCH", "Employer" or "Company") is a Washington nonprofit corporation with its principal place of business in Grays Harbor County, Washington.

1.3    This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1331 as the claims under the Equal Pay Act involve a federal question, and this Court has ancillary jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

1.4    Venue is proper in the United States District Court for the Western District of the State of Washington pursuant to 28 U.S.C. §1391(b)(1) and (2).

## II.    FACTUAL ALLEGATIONS

2.1    Ms. Norwood was hired by GHCH as the Cardiopulmonary Supervisor on or about March 17, 2014.

2.2    At the time Ms. Norwood was hired, her supervisor was John Simon, the Director of Diagnostic Imaging and Cardiopulmonary.

2.3    Mr. Simon took medical leave for approximately four months in approximately 2017. During this time, Ms. Norwood stepped in to cover as acting director of both departments until Mr. Simon was able to return to work. Ms. Norwood reported directly to the Chief Operating Officer, Larry Kahl, but received no additional compensation for the increased duties and responsibilities.

2.4    After Mr. Simon returned from medical leave, Ms. Norwood continued to report directly to Chief Operating Officer, Larry Kahl, and Ms. Simon had director-level responsibility for the departmental budget and 90-day operating plans.

COMPLAINT – Page 2
Case No.:  3:21-cv-5135

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.5     Ms. Norwood asked Mr. Kahl if her new responsibilities could lead to a promotional opportunity to become the department Director.  Mr. Kahl informed her that there was a preference for Directors to have a Master's Degree.

2.6     Ms. Norwood returned to school to get an MBA degree. She graduated in January 2018 from her program and in June 2018, the Company appointed her as the Director of Cardiopulmonary.  She received no compensation increase associated with the promotion, even though she performed director-level duties that were the same or similar to her male counterparts.

2.7     During 2018, the Cardiopulmonary Department was removed from operations and placed under nursing, making the Chief Nursing Officer, Melanie Brandt, Ms. Norwood's direct report supervisor.

2.8     At the time Ms. Norwood was promoted to the Director position, she raised the question of increased compensation.  Ms. Brandt informed Ms. Norwood that a re-evaluation of her salary was discussed but that it was a "bad time" and that her salary re-evaluation would happen in August.

2.9     When Ms. Norwood followed up in August regarding the re-evaluation of her salary, she was told by Ms. Brandt that she was trying and would discuss it with the Chief Executive Officer, Tom Jensen.

2.10    These discussions continued to happen as the re-evaluation of her salary was postponed first to January, 2019 and then later to March, 2019.

2.11    Later in  2018, Ms.  Norwood  was  assigned  the  Directorship  of  the Cardiac Rehabilitation Department in addition to Cardiopulmonary Department.  Her salary was not adjusted or re-evaluated with this assignment of an additional department.

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.12   Ms. Norwood continued to perform the Director duties, receiving substantially lower compensation than her similarly-situated male counterparts.

2.13   In addition, similarly situated male Directors, including without limitation, David Bain and Charles Skorzewski, received increases in salary after taking on an additional department in their portfolio.

2.14   Ms. Norwood received no compensation increase of any kind in 2018 or 2019.

2.15   In 2020, with no progress being made to re-evaluate her salary to the Director pay scale, Ms. Norwood submitted a public request for all supervisor Directors salaries and their highest level of education.

2.16   Ms. Norwood discovered that the newest Director to GHCH was Eric Timmons, the Director of Diagnostic Imaging.  His salary was set at $120,016.  Mr. Timmons has no Master's degree and had no prior leadership experience.

2.17   In early 2020, Ms. Norwood's salary, which had not been increased at all since at least 2017, was approximately $86,070.

2.18   Upon receiving this information and reviewing it, Ms. Norwood discovered additional pay discrepancies based on sex.  Female employees with Master's Degrees were—and upon information and belief still are—getting paid less than their male peers who had less education or even no degree at all.

2.19   During the course of Ms. Norwood's employment as a GHCH director, her salary was substantially lower than other similarly-situated male Directors with equivalent or lesser degrees.

2.20   Since her efforts through discussions with Ms. Brandt to receive fair and equitable compensation were not making progress, Ms. Norwood set up a meeting with Chief Executive

COMPLAINT – Page 4
Case No.:  3:21-cv-5135

Officer Tom Jensen in approximately April of 2020 to discuss her salary.  Ms. Norwood conveyed to Mr. Jensen that she felt undervalued because of the difference in compensation compared with other Directors.

2.21    At the end of this meeting, Mr. Jensen said that the Company would look into the re-evaluation of her salary and "something would happen."

2.22    Later, at a regular monthly meeting, Ms. Norwood spoke to Ms. Brandt about her discussion with Mr. Jensen and provided her with the salary information she had collected.  Ms. Norwood also reminded Ms. Brandt about the accomplishments and contributions that Ms. Norwood had made while working as a Director for GHCH.  Ms. Brandt told Ms. Norwood that the Company would work on re-evaluating Ms. Norwood's salary.

2.23    Approximately seven months later, on or about November 1, 2020, Ms. Norwood received her first increase in at least three years.

2.24    The increase was a 3% increase, which raised Ms. Norwood's annual salary from approximately $86,070.36 to $88,649.64.

2.25    After this increase, Ms. Norwood's compensation continued to trail far behind her similarly-situated male counterparts.

2.26    With such little progress being made on this issue, Ms. Norwood felt undervalued by GHCH and began looking to leave her employment with the Company.

2.27    After Ms. Norwood put in her notice to leave, she spoke with Julie Feller, the Executive Director of Human Resources.  Ms. Feller told Ms. Norwood that she had never received a request or had a discussion with any of Ms. Norwood's supervisors about pulling salary information for a re-evaluation of Ms. Norwood's salary.

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.28    Upon learning this, Ms. Norwood felt foolish and deceived by GHCH who had clearly undervalued her and led her on for months about the possibility of a salary re-evaluation that was never going to happen while giving her added responsibilities and no additional compensation and paying her similarly-situated male counterparts significantly more.

2.29    Approximately two weeks later, before she was going to leave employment, Ms. Norwood spoke with Ms. Feller and Ms. Brandt.  During this conversation, Ms. Feller and Ms. Brandt proposed to increase Ms. Norwood's salary to $96,000.

2.30    During this meeting, Ms. Norwood asked how salary rates are calculated for specific positions and Ms. Feller replied that "like it or not, some positions have been held traditionally by men, and therefore they earn more." Ms. Brandt nodded her agreement with this sentiment.

2.31    Ms. Norwood asked if experience and education were therefore not factored into salary rate calculations and Ms. Feller said that it was complicated and Ms. Norwood "can't expect to make what others make."

2.32    Ms. Norwood respectfully declined their counteroffer and left employment with GHCH.

2.33    GHCH is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(B).

2.34    During Ms. Norwood's employment with GHCH, GHCH paid Ms. Norwood less than male employees for equal work on jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions, in violation of the Equal Pay Act, 29 U.S.C. § 206(d).

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.35     During Ms. Norwood's employment with GHCH, GHCH discriminated against Ms. Norwood in providing compensation based on gender between similarly situated employees, in violation of the Washington Equal Pay and Opportunities Act, RCW 49.58.020 and the Washington Law Against Discrimination, RCW 49.60.180.

2.36     Defendant's violations of the law are and were continuous, willful and ongoing.

2.37     As a result of Defendant's continuing violations, Ms. Norwood has been damaged in an amount to be proven at trial.

### III.     FIRST CAUSE OF ACTION
### Sex Discrimination in Compensation
### Violation of the Equal Pay Act
### 29 U.S.C. § 206(d)

3.1     Plaintiff realleges paragraphs 1.1 through 2.37 as though fully set forth herein.

3.2     Defendant's actions and omissions constitute violations of the Equal Pay Act ("EPA"), 29 U.S.C. 206(d).

3.3     As a result of Defendant's violation of the law, Plaintiff has been damaged in an amount to be proven at trial.

### IV.     SECOND CAUSE OF ACTION
### Wage Discrimination Due to Gender
### Violation of the Washington Equal Pay and Opportunities Act
### RCW 49.58

4.1     Plaintiff realleges paragraphs 1.1 through 3.3 as though fully set forth herein.

4.2     Defendant's actions and omissions constitute violations of the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

4.3     As a result of Defendant's violation of the law, Plaintiff has been damaged in an amount to be proven at trial.

### V.     THIRD CAUSE OF ACTION
**Discrimination In Compensation Because Of Sex**
**Violation of the Washington Law Against Discrimination**
**RCW 49.60.180(3)**

5.1     Plaintiff realleges paragraphs 1.1 through 4.3 as though fully set forth herein.

5.2     Defendant's actions and/or omissions constitute violations of the Washington Wage Law Against Discrimination (WLAD), RCW 49.60.180(3)

5.3     As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court grant the following relief as against Defendant:

1.      An order declaring that GHCH has violated the EPA, the EPOA and the WLAD by paying Ms. Norwood less than similarly situated employees due to discrimination based on sex and/or gender;

2.      An order granting Plaintiff full compensation for all violations of the law;

COMPLAINT – Page 8
Case No.:  3:21-cv-5135

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

3.    An award of liquidated damages in an amount to be proven at trial pursuant to 29 U.S.C. § 216(b);

4.    An award of statutory damages pursuant to RCW 49.58.070;

5.    An award of double damages pursuant to RCW 49.52.070;

6.    An award of attorney's fees and costs in an amount to be proven at trial pursuant to 29 U.S.C. § 216, RCW 49.48.030, RCW 49.58.070, RCW 49.60.030, and/or RCW 49.52.070;

7.    Pre-judgment and post-judgment interest; and

8.    Such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 24th day of February, 2021.

VANGUARD LAW, LLC

By:    /s/ Spencer Nathan Thal
       Spencer Nathan Thal, WSBA # 20074
       Vanguard Law, LLC
       PO Box 939
       Poulsbo WA  98370
       Phone:  (206) 488-8344
       spencer@vanguardlawfirm.com
       *Attorney for Plaintiff*

VANGUARD LAW, LLC

By:    /s/ Zachariah Nathan Thal
       Zachariah Nathan Thal, WSBA # 55462
       Vanguard Law, LLC
       PO Box 939
       Poulsbo WA  98370
       Phone:  (206) 818-2499
       zach@vanguardlawfirm.com
       *Attorney for Plaintiff*

COMPLAINT – Page 9
Case No.:  3:21-cv-5135

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344