UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALERIE NORWOOD,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>GRAYS HARBOR COMMUNITY HOSPITAL,<br><br>　　　　　　　Defendant. | CASE NO. 21-CV-05135<br><br>ORDER REGARDING RULE 68 OFFER OF JUDGMENT |

　　　　Pursuant to Federal Rule of Civil Procedure 68(a), Defendant Grays Harbor Community Hospital made Plaintiff Valerie Norwood an offer of judgment for her claims arising under the Equal Pay Act, 29 U.S.C. §206(d); the Washington Equal Pay and Opportunities Act, Wash. Rev. Code § 49.58.020; and the Washington Wage Law Against Discrimination, Wash. Rev. Code § 49.60.180(3). Dkt. No. 1 at 7–8; Dkt. No. 20. The offer is for $23,000 "plus reasonable attorney fees and costs incurred by Plaintiff as of the date of th[e] offer in an amount to be determined by the Court." Dkt. No. 20 at 1. Plaintiff accepted the offer and filed a Proposed Judgment, under which she will receive the agreed-upon $23,000 plus $12,780.20 in attorney

ORDER REGARDING RULE 68 OFFER OF JUDGMENT - 1

fees and costs "with interest at the rate of 5.25% accruing 14 business days from the date that this judgment is entered." Dkt. No. 21; Dkt. No. 23 at 2.

Although it appears that the parties have agreed to $12,780.20 in attorney fees and costs, the Court must still determine the reasonableness of that amount. *See* Dkt. No. 20 at 1 (agreeing to pay Plaintiff reasonable attorney fees and costs "in an amount to be determined by the Court"). Plaintiff shall accordingly file, within 14 days of the entry of this order, a motion for attorney fees and costs supported by billing records, attorney affidavits, and any other documentation necessary to determine the reasonableness of the proposed fees and costs. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (the lodestar figure represents what is "reasonable" under fee-shifting statutes); *Haworth v. State of Nevada*, 56 F.3d 1048, 1051 (9th Cir. 1995) (the lodestar represents reasonable attorney fees for Rule 68 offer of judgment in FLSA case). Alternatively, the parties may agree to the amount of attorney fees and costs by filing a notice of agreement. The Court will then enter judgment in favor of Plaintiff.[1]

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

---

[1] Although the Court is persuaded by the reasoning in *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395 (2d Cir. 2019) and *Riley v. D. Loves Restaurants, LLC*, No. C20-1085-WJ/KK, 2021 WL 1310973 (D.N.M. Apr. 8, 2021) that the present Rule 68(a) offer of judgment settling an Equal Pay Act claim does not *require* judicial approval, the Court also notes that "there appears to be consensus among courts that nothing *precludes* a court from engaging in a review." *Edwards v. Hudspeth & Assocs., Inc.*, No. C20-02867-STV, 2021 WL 2255358, at *2 (D. Colo. May 26, 2021); *see also Riley*, 2021 WL 1310973, at *4 (inviting parties to inform the court whether they wished for a review of the merits of the settlement agreement in light of the court's determination that such review was not strictly necessary); *Horton v. Right Turn Supply, LLC*, 455 F. Supp. 3d 202, 204–05 (W.D. Pa. 2020) (although the court was "n[ot] so sure" its approval of FLSA settlement was needed, it decided to consider the parties' motion for approval of the settlement "in order to provide the parties comfort"); *Slaughter v. Sykes Enterprises, Inc.*, No. 17-CV-02038-KLM, 2019 WL 529512, at *6 (D. Colo. Feb. 11, 2019) ("[W]hile there is disagreement over whether FLSA settlements *must* be approved by the [c]ourt, there does not appear to be disagreement at this time over whether FLSA settlements *may* be approved by the [c]ourt."); *Mpia v. Healthmate Int'l, LLC*, No. 19-CV-02276-JAR, 2021 WL 2805374, at *1 (D. Kan. July 6, 2021) (same). Should the parties desire this Court to approve their Rule 68(a) offer of judgment, they are directed to file a renewed Notice and Offer of Judgment on or before February 4, 2022. In addition to providing the Court with the above-described information regarding attorney fees and costs, the Notice must provide the Court with sufficient information to determine whether the Offer of Judgment is fair and reasonable.

ORDER REGARDING RULE 68 OFFER OF JUDGMENT - 2

Dated this 21st day of January, 2022.

*Lauren King*
Lauren King
United States District Judge

ORDER REGARDING RULE 68 OFFER OF JUDGMENT - 3